UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE BERNARDO BARRAGAN,

v.  Case No. 8:04-cr-81-T-17MAP
    8:07-cv-1411-T-17MAP

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court upon Defendant Barragan's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law.  (Doc. cv-5, 6; cr-219).  A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

Background

On October 25, 2004, Barragan pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute at least five kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One). Docs. cr-87, cr-135 (transcript). On December 7, 2004, the Court accepted Barragan's guilty plea and adjudicated him guilty. Doc. cr-96.

On February 25, 2005, this Court sentenced Barragan to 262 months of imprisonment, to be followed by 120 months of supervised release. Docs. cr-120, cr-122 (judgment), and cr-131 (transcript). Because of Barragan's prior drug-related convictions, his initial guidelines range was 360 months to life imprisonment (offense level 37, criminal history category VI). The 262 month sentence resulted from a USSG § 5K1 motion based on substantial assistance. 3. Barragan directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-11438-B.[1]

On appeal, Barragan raised the following issue: Whether the District Court's mandatory application of the United States Federal Sentencing Guidelines violated the Fifth and Sixth Amendments of the United States Constitution. See Attachment 1.

On May 16, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed Barragan's conviction, but also concluded the government could not show that Barragan expressly waived his right to appeal his sentence because the Court did not mention the waiver at his guilty plea hearing. In addressing the merits of Barragan's appeal, the Eleventh Circuit held the District Court did not violate Barragan's Fifth and Sixth Amendment rights during sentencing. Doc. cr-201. (USCA Order).

On August 9, 2007, Barragan filed his initial section 2255 motion and supporting memorandum of law. Docs. cv-1, cv-2. However, the Court denied Barragan's motion without prejudice and instructed him to file an amended motion in proper form. Doc. cv-3. On September 4, 2007, Barragan filed his amended section 2255 motion and supporting memorandum of law. Docs. cv-5, cv-6. Barragan raises the following grounds for relief:

---

Appellate briefs of Barragan and the government are attached as Attachments 1 and 2, respectively.

a. The Court is without jurisdiction to preside over this case because Barragan was on a vessel more than 100 miles from the Colombian coast, on his way to Mexico, and not headed for the United States of America (Barrangan's Ground One). Doc. cv-1 at 4.

b. Barragan received ineffective assistance of counsel when counsel failed to move to dismiss the indictment for lack of jurisdiction; failed to investigate the facts of the case; coerced Barragan into pleading guilty with threats of a life sentence; stipulated to facts with the government without conferring with Barragan; and failed to demand the Court's strict compliance with 18 U.S.C. §3553(c)(1) (Barrangan's Ground Two). Doc. cv-1 at 5.

c. The District Court did not comply with 18 U.S.C. § 3553(c)(1) in imposing his sentence (Barrangan's Ground Three). Doc. cv-1 at 6.

## COGNIZABILITY OF CHALLENGES TO A GUILTY PLEA

Barragan now challenges his conviction, claiming the Court is without jurisdiction (Ground a), and that his counsel coerced him into entering a guilty plea by threatening him with a life sentence as well as provided ineffective assistance regarding a number of pre-plea issues (Ground b).

After a conviction based on a guilty plea has become final, a defendant may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990). It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003).

Most errors in Fed. R. Crim. P. 11 plea colloquy will not support collateral relief. *United States v. Timmreck*, 441 U.S. 780 (1979); *Holmes v. United States*, 876 F.2d 1545 (failure to advise of mandatory minimum) (11th Cir. 1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986) (failure to advise that if the court does not accept recommendation as to sentence Defendant will not be entitled to withdraw plea). A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; defendant is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea. *United States v. Patterson*, 739 F.2d 191, 194-95 (5th Cir. 1984).

Barragan is barred from raising a challenge to the factual basis of his plea in a 28 U.S.C. § 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), cert. denied, 498 U.S. 837 (1990).

When Barragan entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). In this case, the Court found that Barragan's guilty plea was made knowingly, intelligently and

voluntarily, and that his plea was supported by an independent basis in fact of the essential elements of the offenses. Doc. cr-135 at 25.

### Jurisdiction - Ground a

While Barragan couches his first challenge (Ground a) as one directed at this Court's subject matter jurisdiction, his claim is, in reality, nonjurisdictional in nature. Under the Maritime Drug Law Enforcement Act (MDLEA), the requirement that a vessel be "subject to the jurisdiction of the United States" defines the United States' extraterritorial jurisdiction, not the federal courts' subject matter jurisdiction under 18 U.S.C. § 3231. Because the indictment in this case "charged . . . [Barragan] with a violation of . . . [the] law[s] of the United States, 'the district court [had] jurisdiction over the case . . ." *United States v. Aguilar*, 196 Fed. Appx. 837, 839 (11th Cir. 2006) (*per curiam*) (quoting *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001)).

As the Eleventh Circuit held in *Aguilar* in this regard, an argument that a vessel is "not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court." *Aguilar*, 196 Fed. Appx. at 839. Accordingly, by pleading guilty unconditionally in this case, Barragan waived any claim that his vessel did not meet the extraterritorial jurisdictional requirement imposed under the MDLEA. *Id.* (holding defendant's challenge to district court's finding that Coast Guard had complied with the MDLEA's requirement that the defendant's vessel be "subject to the jurisdiction of the United States" was not a challenge to the subject matter jurisdiction of the district court; therefore, Barrangan waived this argument when he pled guilty unconditionally); *but see United States v. Rendon,* 354 F.3d 1320, 1325 (11th Cir. 2003); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002).

This argument is also supported by Barragan's plea colloquy. Before accepting his guilty plea, this Court specifically advised Barragan that the indictment charged him and others with knowingly and intentionally possessing with intent to distribute cocaine "while on board a vessel subject to the jurisdiction of the United States. . ." Doc. cr-135 at 9. Later in the plea hearing, the Court reviewed the elements of his offense which the government would have to prove if Barragan chose to proceed to trial:

> First, that, you, aided and abetted by the other members of the crew, knowingly and willfully possessed cocaine as charged; namely, that you and others possessed with intent to distribute five kilograms or more while on board a vessel subject to the jurisdiction of the United States, and second, that you possessed this cocaine knowingly.

Doc. cr-135 at 23. Barragan agreed he understood the elements of the crime and entered his guilty plea. Doc. cr-135 at 23-24. In light of all of the above, Barragan, by pleading guilty unconditionally, waived any claim that his vessel was not subject to the jurisdiction of the United States.

Pre-plea Challenges - Ground b

Barragan raises several claims of ineffective assistance of counsel arising pre-plea, including his counsel's failure to challenge the Court's jurisdiction, failure to conduct a reasonable investigation of the facts, coercing Barragan into entering his guilty plea, and entering a stipulation pertaining to the jurisdiction with the government without consulting Barragan. See Doc. cv-6 at 5. However, by pleading guilty, he has waived any claim of pre-plea ineffectiveness. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived).

Barragan claims his counsel coerced him into entering his guilty plea by threatening him with a life sentence. Besides threatening him with a life sentence, Barragan also claims

his counsel promised him a sentence within the range of ten to fifteen years. See Doc. cv-6 at 5.

These claims have no merit. Even with pleading guilty, Barragan still faced a life sentence. The Court informed Barragan he faced a mandatory term of imprisonment of ten years to life imprisonment. Doc. cr-135 at 18. Barragan agreed that he understood the consequences of pleading guilty and agreed there were no other promises outside of those contained in his plea agreement:

> THE COURT: Have there been any other promises or assurances given to you other than those that are in your plea agreement?
>
> Barrangan: No.
>
> THE COURT: Has anybody threatened you or forced you in any way to get you to plead guilty?
>
> Barrangan: On the contrary, I've been threatened so that I do not continue to cooperate. My family's been threatened.

Doc. cr-135 at 16.  Thus, the record is clear that Barragan understood his potential sentence when he knowingly and voluntarily entered his guilty plea. Therefore, Barragan's pre-plea claims of receiving ineffective assistance of counsel are not cognizable on collateral attack.

## Ineffective Assistance of Counsel

In addition to his pre-plea claims of ineffectiveness, Barragan also claims his counsel provided ineffective assistance at sentencing by not "demanding strict" compliance by the Court with 18 U.S.C. § 3553(c)(1).

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a Defendant to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a Defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

In this case, Barragan finds fault with his counsel for not making the Court comply with 18 U.S.C. § 3553(c)(1) and state its reason for imposition of a sentence exceeding 24 months. The provisions of 18 U.S.C. § 3553(c)(1), are:

> **(c) Statement of reasons for imposing a sentence.**--The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>
> **(1)** is of the kind, and within the range, described in subsection (a)(4) [referring to the United States Sentencing Guidelines] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range;

18 U.S.C. 3553(c)(1).

The record clearly Barragan's allegation. The Court did, in fact, follow 18 U.S.C. 3553(c)(1) at sentencing when it announced its reasons for the sentence:

> Guideline range exceeds 24 months. Reasons for imposing the selected sentence are as follows: Sentence departs from the guideline range upon motion of the government as a result of defendant's substantial assistance.

Doc. cr-131 at 15.

Therefore, Barragan's claim of receiving ineffective assistance of counsel, is without merit.

## Procedural Default

Barragan claims that the Court was without jurisdiction in his case (Ground a) and that the Court failed to comply with the provisions of 18 U.S.C. 3553(c)(1). (Ground c) See Doc. cv-6 at 8-10. Barragan failed to raise these claims in the District Court prior to judgment in his criminal case and on direct appeal in his criminal case. Thus, Barragan is not entitled to relief because he has procedurally defaulted his claims. Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. See *Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 2362 (2002).

In order to show sufficient cause for the procedural default, a Defendant must present a showing of some external impediment preventing counsel from constructing or raising the claim. *Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir.), *cert. denied*, 115 S. Ct. 1841 (1995) (citing *McCleskey v. Zant*, 499 U.S 467 (1991)). The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States,* 153 F.3d 1305, 1307-08 (11th Cir. 1998). Nor do ordinary mistakes of counsel constitute cognizable cause. See *Murray v. Carrier*, 477 U.S. 478, 487-88 (1986).

"Actual prejudice" is prejudice that impacts constitutional or fundamental rights. *United States v. Frady*, 456 U.S. 152, 166 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of

demonstrating plain error. *Id.* As discussed above, the Court has jurisdiction in this case because Barragan was charged with a violation of the laws of the United States, Barragan agreed at his guilty plea hearing that the Court had jurisdiction, and Barragan waived this claim when he entered his guilty plea. Also, in accordance with 18 U.S.C. § 3553(c)(1), the Court did announce it reasons for imposing Barragan's sentence. Therefore, Barragan has failed to demonstrate cause or prejudice resulting from his failure to raise this issue previously. Thus, Barragan's claims are procedurally barred and without merit.

Accordingly, the Court orders:

That Barragan's motion to vacate (Doc. cv-5; cr-219) is denied, with prejudice. The Clerk is directed to enter judgment against Barragan in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 13, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: W. Stephen Muldrow
Jose Bernardo Barragan, Pro se